UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3127-BO

**Terry Lynn Long**,

           Plaintiff,

v.                                 **Order & Memorandum & Recommendation**

**Carmen Hendricks**, et al.

           Defendants.

Plaintiff Terry Lynn Long, a state inmate, (D.E. 1)[1], alleges that Defendants Carmen Hendricks, Jodi Kapluck, Letitia Owens, and Paula Smith were deliberately indifferet to his need for medical care in violation of the Eighth Amendment to the United States Constitution. Currently pending before the court are Long's application to proceed without prepayment of fees and affidavit (D.E. 8), motion to appoint counsel (D.E. 2), and motion for an injunction. D.E. 3. The district court referred this matter to the undersigned Magistrate Judge for a frivolity review pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 636(b)(1).

During the time period relevant to this action, Long was incarcerated at Lumberton Correctional Institution ("Lumberton C.I.").[2] Instead of setting out his claims in his Complaint, Long refers the court to the documents in his Tort Claims action attached as an exhibit to his Complaint (D.E. 1-1). *See* Compl. 5–6, D.E. 1, 7. Long names as defendants Carmen Hendricks,

---

[1] Long's Exhibit consists of copies of documents, including two handwritten Complaints, in Long's presently pending state Tort Claims action. *See* Compl. Ex. D.E. 1-1.

[2] Long is presently confined at Warren Correctional Institution in Manson, North Carolina. *See http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0247954&searchLastName=Long&searchFirstName=Terry&searchMiddleName=L&listurl=pagelistoffenderssearchresults&listpage=1* (last visited November 21, 2016).

who is employed as a P.A. at "Lumberton C.I.," Lumberton C.I. Nurse Jodi Kapeluck, Lumberton C.I. Head Nurse Letitia Owens, and Paula Smith whom he identifies as "Head Nurse over all prisons in N.C." Compl. 3–4. In his pleadings, Long alleges two incidents that he connects to defendants whom he alleges violated his Eighth Amendment rights when he was confined at Lumberton C.I.[3]

First, Long alleges that during medication call, at 3:00 p.m. on March 28, 2015, Kapeluck refused to give him his necessary medications because he used profane language in the medication line. Long was escorted to restrictive housing without his medications. Compl. Ex. 5, D.E. 1-1. Long alleges that later that day, he asked Defendant Owens for his medications while she walked through the restrictive housing unit, but she refused to give them to him because of his conduct in the medication line. *Id*.

Second, Long alleges that on December 3, 2015, he told Captain Rouse about problems he was having with his feet related to his diabetes. Rouse saw that Long "couldn't hardly walk on [his] feet because of soreness." Compl. Ex. 15, D.E. 1-1. Long describes "holes in [his] feet and all of the skin tore from [his] feet." *Id*. Long alleges that Nurse Morrison and Correctional Officer Oxendine both asked Nurse Scott to look at Long's feet and Scott refused each time. Nurse Morrison told Long not to worry, that the P.A. was available and would see him. Morrison went next door and told Defendant Hendricks, the P.A., about Long's medical problems and Hendricks told Morrison "she did not want to see [Long] or [his] feet." *See id*.

I. **Review Under 28 U.S.C. § 1915A**

---

[3] Long also suggests that Nurse Dunn ignored his need for medical attention for a bleeding hernia and hemorrhoids. *See* Compl. Ex. 14, D.E. 1-1. However, Long does not provide further information on the matter and does not name Nurse Dunn as a defendant in this action.

The Prison Litigation Reform Act of 1996 ("PLRA") requires courts to review actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

In order to avoid dismissal for failing to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Long's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

The court may lso dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547 (1967).

With this framework in mind, the court turns to its analysis of Long's pleadings.

**II.     Review of § 1983 Claim**

Long's claims arise out of 42 U.S.C. § 1983, which creates civil liability for any person acting under the color of state law who deprives a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Therefore, in order to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. *See, e.g., Iqbal,* 556 U.S. at 675–77; *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691–94 (1978); *Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985).

Here, Long alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they were deliberately indifferent to his serious medical needs. Long has sued the defendants in their official and individual capacities.

### A.   Claim for Injunctive Relief

Long requests that the court enjoin the Defendants from engaging in further unconstitutional conduct. However, this claim is moot because he is no longer incarcerated at Central Prison. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."). Therefore, the district court should deny Long's motion for injunctive relief.

### B.   Official Capacity Claims

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S.

4

Const. amend. XI. The amendment guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Garrett*, 531 U.S. at 363. The Supreme Court has held that this immunity extends to suits brought by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Additionally, state agencies and officials sued in their official capacities are entitled to immunity under the Eleventh Amendment because they are merely alter egos of the state itself. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edelman*, 415 U.S. at 666–68.

Here, Long has named agents of the North Carolina Department of Public Safety as defendants in their official capacity. Suits against state officers in their official capacities are considered suits against the state and are barred by the Eleventh Amendment. *See Myers v. North Carolina,* No. 5:12–CV–00714–D, 2013 WL 4456848, at *3 (E.D.N.C. Aug. 16, 2013), *appeal dismissed*, 545 F. App'x 268 (2013) ("State agencies and state officials acting in their official capacities also are protected against a claim for damages because a suit against a state office is no different from a suit against the state itself.") (citing *Regents of the Univ. of Cal.*, 519 U.S. at 429; *Will,* 491 U.S. at 71; *Edelman*, 415 U.S. at 666–68; *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005)). Although Eleventh Amendment immunity can be waived by a state or abrogated by Congress, *see Will*, 491 U.S. at 66, there is no indication that either exception is applicable in this case. Therefore, the defendants, in their official capacities, are immune from Long's claims for monetary relief and those claims should be dismissed.

C. **Eighth Amendment Claim Against Nurse Paula Smith**

Long also seeks to hold the defendants liable in their individual capacities for the alleged violation of his constitutional rights. However, the Complaint does not allege that Nurse Paula Smith was aware of Long's need for medical treatment. Smith cannot be held liable under § 1983

5

simply because she is the supervisor of individuals who may have violated a plaintiff's rights. *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) ("The doctrine of respondeat superior has no application under [section 1983]."); *see also Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Instead, a successful individual capacity claim must allege that the defendant was personally involved in the deprivation of Long's rights. *Id.* The complaint fails to do so. Thus, Long's claim against Nurse Smith should be dismissed.

        **D.    Eighth Amendment Claim Against P.A. Hendricks and Nurses Kapeluck and Owens**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). "[T]o establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999). Thus, a plaintiff must prove "that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." *Iko v. Shreve,* 535 F.3d 225, 241 (4th Cir. 2008); *see Estelle,* 429 U.S. at 104. The objective prong requires the prisoner to show that he suffered from a serious medical need, a need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko,* 535 F.3d at 241. The subjective prong requires the prisoner to show that the prison official acted with deliberate indifference. *See, e.g. Farmer v. Brennan,* 511 U.S. 825, 835–36 (1994); *Estelle,* 429 U.S. at 104, 97; *De'lonta v.*

6

*Johnson,* 708 F.3d 520, 525 (4th Cir. 2013); *Iko,* 535 F.3d at 241; *Johnson v. Quinones,* 145 F.3d 164, 167 (4th Cir. 1998).

However, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle,* 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle,* 429 U.S. at 106. Moreover, while the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice. *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir. 1988). A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment does not rise to the level of a constitutional violation. *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985).

Long alleges that Kapeluck and Owens denied him a dose of his medication on a single occasion. In order for a delay in medical treatment to rise to the level of an Eighth Amendment violation, the delay must result in some "substantial harm" to the patient. *See Webb v. Hamidullah,* 281 F. App'x 159, 166 (4th Cir. 2008). "Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *See, e.g.*, *Sealock v. Colorado,* 218 F.3d 1205, 1210 (10th Cir. 2000); *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993); *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir. 1990). An occasional missed dose of medication does not, without more, constitute deliberate indifference. *See Mayweather v. Foti,* 958 F.2d, 91, 91 (5th Cir. 1992). The violation Long alleges here against Kapeluck and Owens falls short of being "so grossly incompetent, inadequate, or excessive as to

7

shock the conscience or to be intolerable to fundamental fairness." *Miltier,* 896 F.2d at 851.  Thus, the district court should dismiss this claim should be dismissed.

However, Long's claim against Hendricks may proceed.  Deliberate indifference requires that a defendant know of and purposefully ignore "an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837.  Long's condition, consisting of "holes" in his diabetic feet and "skin tore[n] from [his] feet," apparently were sufficiently severe that Correctional Officer Oxendine asked a nurse to help Long.  Long's allegation that Hendricks refused a nurse's request to see Long is sufficient to allege an Eighth Amendment claim of deliberate indifference.  Thus, this claim may proceed.

### III. Motion to Appoint Counsel

As for Long's motion for appointment of counsel (D.E. 2), there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases."  *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it."  *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (quoting *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)); *see also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Long has not established that this action is exceptional such that he is entitled to the appointment of counsel.  This is a relatively routine case alleging constitutional violations by prison staff.  *Pro se* litigants regularly pursue Eighth Amendment claims in this court and Long's

8

filings do not demonstrate that his case is more complex than the average case. Additionally, Long's filings in this matter demonstrate that he is capable of proceeding *pro se.* Therefore, Long's motion to appoint counsel is denied.

### IV. Conclusion

For the reasons stated above, it is ordered that Long's motion for appointment of counsel is denied and his Eighth Amendment claim against defendant Hendricks in her individual capacity is allowed to proceed. The Clerk of Court shall proceed with management of Long's deliberate indifference claims against defendant Hendricks under the provisions of Standing order 14-SO-02 regarding service of process upon current and former employees of the North Carolina Department of Public Safety. If service on defendant Hendricks pursuant to the standing order fails, the court directs the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

With respect to the remainder of Long's Complaint, the undersigned recommends that his claims against the Defendants in their official capacities be dismissed; his claims against Nurses Smith, Kapeluck and Owens in their individual capacities be dismissed; and that his claim for injunctive relief be dismissed as moot.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plaintiff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the

9

Case 5:16-ct-03127-BO   Document 13   Filed 01/10/17   Page 9 of 10

magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: January 10, 2017

                                    *Robert T. Numbers II*
                                    ROBERT T. NUMBERS, II
                                    UNITED STATES MAGISTRATE JUDGE